UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE GREEN, JR.,

    Petitioner,

v.                                    Civil Action No. 2:10-cv-14445
                                    Honorable Patrick J. Duggan

RAYMOND BOOKER,

    Respondent.
_____/

**OPINION AND ORDER
DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

    On November 8, 20110, Michigan prisoner Robert Lee Green, Jr. ("Petitioner") filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner currently is housed at the Lakeland Correctional Facility in Coldwater, Michigan, where he is serving sentences for his convictions for second-degree murder, unlawfully driving away an automobile, and first-degree home invasion. Petitioner was convicted on August 7, 2006, following a jury trial in the Circuit Court for Washtenaw County, Michigan. The trial court sentenced Petitioner as a second-offense habitual offender on September 6, 2006, to concurrent prison terms of forty-five to sixty years for the murder conviction and two years and four months to five years for the driving-away conviction. Those sentences are to follow a consecutive sentence of thirteen years and four months to twenty years for the home-invasion conviction.

    In support of his request for habeas relief, Petitioner asserts that his trial counsel

was ineffective because he abandoned Petitioner at a critical stage of the proceedings, due to ill health, and because the prosecutor improperly relied on false testimony to obtain his conviction and also improperly commented on his right to remain silent. Respondent filed an answer to the petition contending that Petitioner's claims are procedurally defaulted and lack merit. The Court agrees with Respondent. Therefore, the Court is denying Petitioner's request for habeas relief. The Court also is declining to issue a certificate of appealability.

## Background

The Michigan Court of Appeals summarized the facts of this case. The recitation of those facts is entitled to the presumption of correctness under 28 U.S.C. § 2254(e)(1), and Petitioner has not demonstrated, through clear and convincing evidence, that the summary is incorrect. Those facts are as follows:

> Green's convictions arise from the stabbing death of Jennifer Bennett, his on-again-off-again girlfriend and the mother of his child. On September 13, 2005, Bennett and three coworkers went to Bennett's home to retrieve her children's birth certificates. The coworkers remained in the car while Bennett went into the house. While she was inside, one of her coworkers heard screaming, but was unable to determine where the screaming was coming from. When Bennett emerged from the house, she was covered in blood and holding a large knife. She told her coworkers to call 911 before she collapsed. Bennett was later pronounced dead at the hospital. In a statement to the police, Green admitted being in Bennett's home and taking a knife out of her hand, but claimed that he did not remember what happened thereafter. He maintained that he next remembered driving Bennett's vehicle on the freeway and that his hands were bleeding and there was blood on his clothing.

*People v. Green*, No. 274097, 2008 WL 2038034, at *1 (Mich. Ct. App. May 13, 2008).

The prosecution's theory in this case was that Petitioner was guilty of both premeditated and felony murder for attacking Bennett in her own house and having stabbed her fifteen times. Defense counsel argued that Petitioner was not guilty, but conceded that Bennett died at Petitioner's hands. Defense counsel argued that Petitioner was guilty at most of voluntary manslaughter, but not murder.

At trial, Petitioner did not testify. After a five-day trial, the jury convicted him as stated above and he was sentenced as described.

Following his sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals raising the following claims: (1) the trial court erred in admitting other-acts evidence; (2) the trial court erred in admitting hearsay testimony that he went into Bennett's house and stole her purse a few days before her murder; (3) the trial court erred when it failed to admit email messages that he sent to Bennett shortly before her death and that would have supported his claim of self-defense; and (4) the trial court erred when it denied his request to instruct the jury on self defense. On May 13, 2008, the Court of Appeals affirmed Petitioner's convictions and sentences. *Green*, 2008 WL 2038034, at *4.

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, raising the same claims raised in the Court of Appeals and adding claims concerning his alleged illegal arrest, his *Miranda*[1] rights, the prosecutor's misconduct in

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966).

tampering with and destroying evidence, trial court error in reviewing a jury question, and trial court error in giving improper jury instructions on the elements of first-degree murder. Petitioner also filed motions to remand and for a new trial. On September 22, 2008, the Michigan Supreme Court denied the application and the motions. *People v. Green*, 482 Mich. 991, 755 N.W.2d 647 (2008).

On September 14, 2009, Petitioner returned to the state trial court and filed a motion for relief from judgment under Michigan Court Rule 6.508(D). In his motion, Petitioner raised the claims that he asserts in his pending habeas corpus petition. The trial court denied the motion on November 10, 2009, relying on Michigan Court Rule 6.508(D)(3). *People v. Green*, No. 05-1581-FC (Washtenaw Cnty. Cir. Ct. Nov. 10, 2009). Petitioner filed a delayed application for leave to appeal that decision with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)" on April 5, 2010. *People v. Green*, No. 295912 (Mich. Ct. App. Apr. 5, 2010). On September 9, 2010, Petitioner's application for leave to appeal filed with the Michigan Supreme Court was denied for the same reason. *People v. Green*, 488 Mich. 856, 787 N.W.2d 117 (2010).

While Petitioner's motion for relief from judgment was pending in the state courts, he filed a federal habeas petition in this District which was assigned to the Honorable Bernard A. Friedman. *Green v. Ludwick*, No. 09-13775 (filed Sept. 24, 2009). On April 19, 2010, Judge Friedman dismissed the petition without prejudice because Petitioner's claims were unexhausted in the state courts. Op. and Order Granting Resp't Mot. Summ.

J., *Green*, No. 09-13775 (filed April 19, 2010).

As indicated earlier, Petitioner filed his pending habeas petition on October 26, 2010.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20 (2000). An "unreasonable application" occurs when a state court has applied clearly established federal law in an objectively unreasonable manner. *Id.* at 409, 120 S.Ct. at 1521. Therefore, a federal habeas court may not issue a writ if it concludes the state court applied clearly established federal law merely erroneously or

incorrectly. *Id.* at 411, 120 S.Ct. at 1522. The application must be unreasonable. *Id.*

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 1041 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. – ,– , 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7, 117 S.Ct. 2059, 2067 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360 (2002) (per curiam)).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. – ,– , 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 2149 (2004)). The Supreme Court has emphasized "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at – , 131 S.Ct. at 786 (citation omitted). The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012). The *Peak* Court suggested that *Harrington* holds that the review standard "is even more constricted than AEDPA's plain language already suggests." *Id.* Thus, pursuant to section 2254(d), "A habeas court must determine what arguments or theories supported or . . . could have supported [] the state court's decision;

and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* (internal quotation omitted). The Court must also recognize that habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, – U.S. – , – , 131 S.Ct. 1388, 1398 (2011).

## Discussion

Respondent contends that Petitioner's claims are procedurally defaulted because he raised them for the first time when he filed his post-conviction motion for relief from judgment in the state trial court and failed to show cause and prejudice for failing to raise them earlier, as required by Michigan Court Rule 6.508(D)(3). The Court agrees.

When the state courts clearly and expressly rely on a valid, state procedural bar, federal habeas review also "is barred unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 2666 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented, even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995). Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998).

    The United States Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043 (1989) (citations omitted). If the last state-court judgment contains no reasoning but simply affirms the conviction in a standard order, the federal-habeas court must look to the last reasoned, state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991).

    Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. In such a case, "actual

prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MCR 6.508(D)(3)(b)(i). In the present case, the Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that Petitioner failed to meet his burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *See Green*, No. 295912; *Green*, 488 Mich. 856, 787 N.W.2d 117.

It was once established in this Circuit that simply citing to Rule 6.508(D) constituted an adequate and independent ground on which the Michigan Supreme Court could rely in foreclosing review of federal claims. However, that changed with the Sixth Circuit's opinion in *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

In *Guilmette*, the Sixth Circuit found the form orders used by the Michigan Court of Appeals in denying an appeal of a trial court's denial of a motion for relief from judgment under Michigan Court Rule 6.508(D) "ambiguous as to whether they refer to procedural default or denial of relief on the merits." *Guilmette*, 624 F.3d at 291. As such, the Sixth Circuit found that such orders were "unexplained." *Id.* Thus, this Court must look to the last reasoned, state court opinion in order to determine the basis for the state court's rejection of Petitioner's claims. *Id.*

Here, the trial judge, in denying Petitioner's post-conviction motion, clearly and expressly relied on Petitioner's failure to comply with the cause and prejudice requirements contained in Michigan Court Rule 6.508(D)(3). *Green*, No. 05-1581-FC, at 2-3. Thus, the state court's reliance on Michigan Court Rule 6.508(D)(3) was an

9

adequate and independent state ground for denying review of his claims.

The Supreme Court's decision in *Harrington*, *supra*, does not alter this Court's analysis. In *Harrington*, the Supreme Court held that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at – , 131 S.Ct. at 784-85 (citation omitted). Citing the "look through" principle discussed in *Ylst*, the *Harrington* Court further stated that "[t]he presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id.* at – , 131 S.Ct. at 785 (citation omitted).

Here, "looking through" to the trial court's decision, it is clear that the decision explicitly imposes a procedural default. Thus, *Harrington's* presumption that the orders denying Petitioner's constitutional claims were merits determinations does not apply. Hence, Petitioner may only obtain habeas review of his claims if he can establish cause and prejudice or that failure to review his claims would result in a fundamental miscarriage of justice. *Ylst*, 501 U.S. at 803, 111 S.Ct. at 2594-95.

In order to show cause for his default, Petitioner must establish that some objective factor, external to his defense, prevented him from complying with the State's procedural rule. *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645-46. In this case, Petitioner argues that the ineffectiveness of his appellate counsel constitutes cause to excuse his failure to raise his claims during his direct appeal. In order for attorney error to constitute cause, it must

rise to the level of ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).

Supreme Court precedent has established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990) (citation omitted). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536, 106 S.Ct. at 2667 (quoting *Jones*, 463 U.S. at 751-52, 103 S.Ct. at 3312-13). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir.2002) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986)).

Appellate counsel may deliver deficient performance and prejudice to a defendant, however, "by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claims on appeal." *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (citations omitted). "A 'dead-bang winner' is an issue which was obvious from the trial record . . . and one which would have resulted in a reversal on appeal." *Id.* (internal quotations and citations omitted).

In this case, Petitioner fails to show that his appellate counsel rendered ineffective

11

assistance by omitting from his direct appeal the claims that he raised for the first time in his post-conviction motion. Appellate counsel filed a thirty-three-page brief and raised several issues in Petitioner's direct appeal with the Court of Appeals. The Court finds that appellate counsel's action in raising some issues over other issues was a strategic decision and does not constitute ineffective assistance of counsel. Petitioner fails to show that appellate counsel's strategy in presenting some claims and not raising other claims was deficient or unreasonable or that appellate counsel omitted a dead-bang-winner. Therefore, Petitioner cannot establish cause for his procedural default. And because he has failed to demonstrate cause for his procedural default, it is unnecessary for the Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533, 106 S.Ct. at 2666.

Additionally, Petitioner does not present new reliable evidence to support any assertion of innocence which would allow this Court to consider these claims as a ground for a writ of habeas corpus, in spite of the procedural default. Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not result if the Court declines to review his defaulted claims.

In summary, the Court concludes that Petitioner's claims are procedurally defaulted and he is not entitled to habeas relief. Nevertheless, even if the Court were to find that Petitioner had established good cause and prejudice to excuse his procedural default, the Court would find that he is not entitled to habeas relief because his claims lack merit.

In his first ground in support of his request for habeas relief, Petitioner alleges that

he was denied the effective assistance of counsel when his trial counsel abandoned him at a critical stage of the proceedings due to counsel's ill health. The Supreme Court has clearly established that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice. *Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S.Ct. 1029 (2000); *Penson v. Ohio*, 488 U.S. 75, 88, 109 S.Ct. 346 (1988); *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039 (1984). The *Cronic* Court stated that a lawyer is presumed to be "competent to provide the guiding hand that the defendant needs," [and] "the burden rests on the accused to demonstrate a constitutional violation." *Cronic*, 466 U.S. at 658, 104 S.Ct. at 2046 (internal citation and footnote omitted). It is well established that a "critical stage" is one that holds "significant consequences for the accused" and where the presence of counsel could help avoid any prejudice. *Id*.

The trial undoubtedly is a critical stage; however in this case, Petitioner is unable to demonstrate that he was denied counsel at any point during trial. While his counsel noted on the record that he had problems with his health, there is nothing in the record indicating that counsel was absent or failed to perform as competent counsel throughout the entire course of the trial. On that basis, the Court would find that Petitioner fails to establish that he was completely denied counsel during a critical stage of the proceeding.

Petitioner also is not entitled to relief based on his second claim asserting that the prosecutor committed misconduct when he relied on false testimony to obtain Petitioner's

conviction and improperly commented on Petitioner's Fifth Amendment rights. It appears from the petition that Petitioner here is arguing a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). Petitioner fails to satisfy the standard.

The Supreme Court has outlined the following components necessary to demonstrate a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have resulted. *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948 (1999) (citations and footnote omitted). "No Brady violation exists where a defendant 'knew or should have known the essential facts permitting him to take advantage of any exculpatory information . . . or where the evidence is available to defendant from another source." *United States v. Clark*, 928 F.2d 733, 738 (6th Cir. 1991) (citations omitted).

The false testimony Petitioner refers to in this second claim are the tapes of his police interviews, which he claims the prosecution altered and edited. Petitioner does not provide such evidence. Rather, he simply makes naked assertions that the tapes were tampered with by the prosecution. What, if any, changes were made to the statements Petitioner provided during his interviews was within his knowledge.

Petitioner also briefly argues that the prosecutor infringed on his Fifth Amendment rights by stating that Petitioner did not take the stand during the trial. However, the prosecutor made the complained of statement during a discussion while the jury was deliberating and absent from the courtroom. In other words, the jury was not present to

hear it. As such, the prosecutor's comment could not have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871 (1974). Thus the Court would find that Petitioner is not entitled to habeas relief based on this claim as well.

With that, the Court concludes that Petitioner's claims are procedurally barred from habeas review. However, even if the Court did not find the claims procedurally barred, the Court would find that the claims lack merit for the reasons set forth above.

## Certificate of Appealability

When a district court enters a final order adverse to an applicant for a writ of habeas corpus, the court must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2254 Cases. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034. However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 1604 (2000).

The Court found Petitioner's claims procedurally defaulted. The Court not does believe that jurists of reason would find the correctness of its finding debatable, for the reasons stated above. The Court therefore declines to issue Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that the Court declines to issue Petitioner a certificate of appealability.

Dated: October 16, 2012                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copy to:

Robert Green, #210296
Lakeland Correctional Facility
141 First Street
Coldwater, MI 49036

AAG Andrea M. Christensen

16